UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


BROOKWOOD DEVELOPMENT, LLC                                    PLAINTIFF


V.                                    CIVIL ACTION NO. 3:21-CV-219-KHJ-MTP


CITY OF RIDGELAND, MISSISSIPPI;                              DEFENDANTS
GENE F. MCGEE; D.I. SMITH;
KEN HEARD; CHUCK GAUTIER;
KEVIN HOLDER; BRIAN RAMSEY;
WILLIAM LEE; and WESLEY HAMLIN


ORDER

Before the Court is the City of Ridgeland, Mississippi ("the City"), Mayor

Gene F. McGee, D.I. Smith, Ken Heard, Chuck Gautier, Kevin Holder, Brian

Ramsey, William Lee, and Wesley Hamlin's (collectively "Defendants") Motion to

Dismiss [51]. For the following reasons, the Court denies the motion.

I.      Facts and Procedural History

This case arises from denial of a conditional use permit. Plaintiff Brookwood

Development, LLC ("Brookwood") entered a land sale contract to construct a

climate-controlled storage facility. Pl.'s First Amend. Compl. ¶ 25. Pursuant to

Section 440.03J of the City's zoning ordinance, Brookwood applied for a conditional

use permit to construct the facility. *Id.* ¶¶ 29, 30. Section 440.03J was added to

Section 600.09 to allow climate-controlled facilities as conditional uses for land

zoned in the highway commercial district ("C-4"). *Id.*

The City's Zoning Board reviewed Brookwood's application, identifying two concerns and asked Brookwood to resubmit its application to address the concerns. *Id.* ¶ 35. In February 2021, Brookwood resubmitted its application, and the Zoning Board voted to recommend that Mayor Gene McGee and Board of Alderman approve the conditional use permit. *Id.* ¶ 37. Then the Architectural Review Board approved Brookwood's application. *Id.* ¶ 39. After this, the Mayor and Board of Alderman were set to discuss Brookwood's application during its February 16, 2021 meeting. *Id.* ¶ 40. But this meeting was canceled due to a winter storm. *Id.* ¶ 41.

Several days later, the City held a special session meeting with the Mayor and Board of Alderman. *Id.* ¶ 42. The first item on the agenda was to vote on a temporary moratorium suspending conditional use permit applications for climate-controlled storage facilities for six months. *Id.* The second item on the agenda was Brookwood's conditional use permit application. *Id.* At this special session, Brookwood claims the Mayor and Board of Alderman adopted the moratorium without discussion or debate. *Id.* ¶ 46. Based on the entry of the moratorium, the Mayor and Board of Alderman moved to consider Brookwood's application until after the moratorium expired. *Id.* ¶ 47. Brookwood alleges this violated the City's zoning ordinance by failing to decide the conditional use application within 90 days. *Id.* ¶ 47.

Later, Brookwood filed a § 1983 claim against the City and the individual Defendants[1] in their individual and official capacities for violating its procedural

---

[1] The individual Defendants include Mayor Gene McGee, D.I. Smith, Ken Heard, Chuck Gautier, Kevin Holder, Brian Ramsey, William Lee, and Wesley Hamlin

due process, substantive due process, and equal protection rights. *Id.* at 14–23. Less than a week after Brookwood filed its Complaint, the City adopted an amendment to the zoning ordinance, which imposed a 2,000 linear foot buffer zone and a reuse standard on climate-controlled storage facilities in the commercial zone. *Id.* ¶ 56. After the City adopted the amendment, it approved the Mayor's resolution denying Brookwood's conditional use application. *Id.* ¶ 62.

All nine Defendants, including the City, now move to dismiss Brookwood's claims against the eight individual Defendants in their individual and official capacities under Federal Rule of Civil Procedure 12(b)(6). [51] at 1.

II.     Standard

Because Defendants moved to dismiss [51] after they answered Brookwood's Complaint, the Court treats the motion as one for judgment on the pleadings. *See Jones v. Greninger*, 188 F.2d 322, 325 (5th Cir. 1999). The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). In both postures, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *MySpace, Inc.*, 528 F.3d at 418 (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (alteration omitted)). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

   III.   Analysis

   Defendants ask the Court to dismiss all claims against the individual Defendants in both their official and individual capacities. [51].

      a.   Official Capacity

   Defendants argue the claims against the individual Defendants in their official capacities should be dismissed as duplicative of the claims asserted against the City. Def.'s Memo in Support of Mot. to Dismiss [52] at 4. Brookwood agrees, as does the Court. *See* Pl.'s Resp. [55] at 11 n. 7. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). If the claims against an official in his official capacity seek identical relief as claims against a governmental entity, the official capacity claims may be dismissed as duplicative. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Accordingly, because all claims against the individual Defendants in their official capacities are redundant of the claims against the City, the Court dismisses these

claims with prejudice. *See Notariano v. Tangipahoa Par. Sch. Bd.*, 266 F. Supp. 3d 919, 928 (E.D. La. 2017).

      b.  Individual Capacity

Defendants argue the individual Defendants are protected by absolute legislative immunity, qualified immunity, and discretionary function immunity, and thus Brookwood's claims against them in their individual capacities should be dismissed. [52] at 5–6.

      i.  Legislative Immunity

Defendants argue that the individual Defendants are protected by absolute legislative immunity because their decisions to impose the moratorium, deny the conditional use permit, and adopt the zoning amendment were legislative acts. [52] at 11–14. Brookwood responds that such decisions were directed specifically at Brookwood, and therefore the individual Defendants are not entitled to absolute legislative immunity. [55] at 14.

Local legislatures, such as federal, state, and regional legislators are entitled to absolute immunity from § 1983 liability for their legislative acts. *Sunland Pub. Co., Inc. v. City of Jackson*, 234 F. Supp. 2d 626, 630 (S.D. Miss. 1999) (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998)). But the absolute immunity doctrine does not provide blanket protection from burdensome litigation. *See Minton v. St. Bernard Par. Sch. Dist.*, 803 F.2d 129, 135 (5th Cir. 1986). Instead, "[i]ndividuals who serve as local legislatures are absolutely immune from civil liability for actions

in furtherance of their official duties. *See Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193 (5th Cir. 1981), *cert denied*, 455 U.S. 907 (1982).

"Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.* That said, the Court "should determine whether under the state statutory scheme[,] the act involve[s] the degree of discretion and public-policymaking traditionally associated with legislative functions or merely an administrative application of existing policies." *Id.* (quoting *Minton*, 803 F.2d at 134 (internal quotations omitted). The Court must also look to the type of official in determining the scope of the legislative immunity. *See Dunmore v. City of Natchez*, 703 F. Supp. 31, 33 (S.D. Miss. 1988).

Brookwood has pled sufficient facts to overcome the defense of legislative immunity. Brookwood alleges that the individual Defendants targeted Brookwood when it adopted the zoning ordinance amendment, imposed the moratorium, and denied the conditional use permit application. *See* [16] ¶¶ 45–47, 52, 58–60, 61, 66–67; *Hughes v. Tarrant Cnty.*, 948 F.2d 918, 921 (5th Cir. 1991) (traditional legislative functions may become administrative, and therefore not protected by legislative immunity, if the action singles out specific individuals). These facts, assumed to be true, would strip away the individual Defendants' claim of legislative immunity, and so dismissal is not appropriate at this stage based on the defense of legislative immunity.

       ii.  Qualified Immunity

The individual Defendants argue that qualified immunity protects them from liability against Brookwood's claims of substantive due process, procedural due process, and equal protection violations. [52] at 5. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2017) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)). "A good-faith assertion of qualified immunity" shifts the burden of proof to the plaintiff "to show that the defense is not available." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (internal citations omitted).

To rebut the individual Defendants' qualified immunity defense, Brookwood must establish that they "(1) violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Brinsdon*, 863 F.3d at 347 (quoting *Swanson*, 659 F.3d at 371) (internal quotations omitted).

### 1.  Substantive Due Process

Brookwood brings two substantive due process claims, alleging the individual Defendants violated such rights by engaging in reverse spot zoning when they denied Brookwood's conditional use permit and by imposing the moratorium. [16] ¶¶ 72, 79–80.

"A violation of substantive due process. . .occurs when the government deprives someone of liberty or property." *Simi Inv. Co. v. Harris Cnty.*, 236 F.3d 240, 249 (5th Cir. 2000). This claim requires a showing of (1) a constitutionally

7

protected right and (2) an arbitrary, irrational abuse of power that effects that deprivation. *Id.*

A protected property interest in a benefit arises where there is "a legitimate claim to entitlement" rather than a mere subjective expectancy that a permit or license will be issued. *See Vineyard Inv., LLC v. City of Madison, Miss.*, 757 F. Supp. 2d 607, 614 (S.D. Miss. 2010) (citing *Skidmore v. Shamrock Indep. Sch. Dist.*, 464 F.2d 605, 606 (5th Cir. 1972) (citation omitted). Such entitlements "are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinance, existing rules, contractual provisions, or mutually explicit understandings." *Blackburn v. City of Marshall*, 42 F.3d 925, 936–37 (5th Cir. 1995) (citing *Perry v. Sindermann*, 408 U.S. 593, 599–601 (1972)).

An entitlement can arise "when a statute or regulation places substantial limits on the government's exercise of its licensing (or permitting) discretion." *Vineyard*, 757 F. Supp. 2d at 614 (quoting *Hampton Co. Nat. Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 226 (5th Cir. 2008) (citations omitted). A showing of an entitlement cannot be made, however, if government officials have discretion to grant or deny licenses or permits, and thus there is no protected property right. *Da Vinci Inv., Ltd. P'ship v. Parker*, 622 F. App'x 367, 375 (5th Cir. 2015) (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)). In determining whether statutes and regulations limit official discretion, the Court looks for "explicitly mandatory language, i.e., specific directives to the decisionmaker that if the

regulations' substantive predicates are present, a particular outcome must follow." *Vineyard*, 757 F. Supp. 2d at 614 (citation omitted).

Brookwood cites no explicit language in the zoning ordinance requiring the individual Defendants to grant its conditional use permit when certain requirements are met. Brookwood states only that Section 440.03J was added to Section 600.09 "allowing climate-controlled storage facilities as conditional uses for areas zoned C-4." [16] ¶ 21. And that Brookwood has a protected property interest in receiving a timely decision in accordance with Section 600.09's requirements. *See id.* ¶ 50–51. Because Brookwood has not identified any "explicitly mandatory language" in the ordinance requiring the individual Defendants to approve the conditional use permit when certain requirements are met, the Court assumes they have discretion to grant or deny the permit. *See Castle Rock*, 545 U.S. at 756. And if the individual Defendants may grant or deny the permit, Brookwood does not have a protected property right. Accordingly, Brookwood fails to allege it has a protected property right in the approval of its conditional use permit.

Brookwood also claims that by imposing the moratorium, the individual Defendants arbitrarily and capriciously deprived it of its right to have the conditional use application considered and decided. [16] ¶ 72. As just discussed, Brookwood has failed to allege it has a protected property interest in the approval of its conditional use permit. Since Brookwood does not have a vested property interest in the conditional use permit, it was not deprived of such interest by the moratorium.

9

In sum, Brookwood has failed to allege it has a protected property interest. And without a protected property interest, there can be no substantive due process violation. *See Simi*, 236 F.3d at 249–50. The individual Defendants are entitled to qualified immunity for Brookwood's substantive due process claims.

2.   Procedural Due Process

Brookwood's Complaint alleges procedural due process violations arising out of the imposition of the moratorium, the adoption of the zoning ordinance amendment, and the delay and denial of its conditional use permit application without notice. [16] at 19–21.

Procedural due process "imposes constraints on governmental decisions that deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Hampton Co. Nat. Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 225 (5th Cir. 2008) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)). To allege a violation of procedural due process, a plaintiff must show the deprivation of a protected property interest by a person acting under the color of state law without hearing or meaningful opportunity to be heard. *Mathews*, 424 U.S. at 332.

Generally, though, if the governmental conduct is legislative, the property owner has no procedural due process rights. *Cnty. Line Joint Venture v. City of Grand Prairie*, 839 F.2d 1142, 1144 (5th Cir. 1988). And "where a zoning decision has been made by an elected body," the Fifth Circuit has "characterized the action as legislative or quasi-legislative, negating procedural due process claims." *Jackson*

10

*Court Condo., Inc. v. City of New Orleans*, 874 F.2d 1070, 1075 (5th Cir. 1989). On the other hand, "if the action. . .is viewed as administrative/adjudicative, procedural due process rights may attach." *Cnty. Line*, 839 F.2d at 1145.

Here, the adoption of the zoning amendment and the imposition of the moratorium are legislative acts because these decisions impact the community at large. *See Bryan v. City of Madison, Miss.*, 213 F.3d 267, 274 (5th Cir. 2000); *Jackson Court Condo.*, 874 F.2d at 1075. That said, procedural due process protections are not warranted for these decisions.

In any event, construing the Complaint in the light most favorable to Brookwood, the alleged delay and denial of Brookwood's conditional use permit could be characterized as an adjudicative action because it affects just one party and not the community at large. *See Cnty. Line*, 839 F.2d at 1144 ("a municipal body's action may be more likely termed adjudicative if an appointed group. . .makes a specific decision regarding a specific piece of property."). This would implicate procedural due process protection, but these procedural rights follow only if the landowner establishes a protected property right. *Id.* As the Court held, Brookwood has failed to allege that it has a property interest in the approval of its conditional use permit application. Because Brookwood does not have a protected property interest, it cannot state a claim for its procedural due process violations. The individual Defendants are entitled to qualified immunity for Brookwood's procedural due process claims.

3.   Equal Protection

Lastly, Brookwood brings an equal protection claim, alleging that the individual Defendants treated its conditional use permit application less favorably than existing facilities, property owners, and facility sites, and that there is no rational basis for the different treatment. [16] ¶ 86.

The Fifth Circuit has extended "class of one" claims to the zoning land use and assessment context. *See Nance v. New Orleans and Baton Rouge Steamship Pilots' Ass'n*, 174 F. App'x 849, 854 (5th Cir. 2006). To prevail on a class of one equal protection claim, a plaintiff must first show that she was intentionally treated differently from others who were similarly situated, and there was no rational basis for the difference in treatment. *Unruh v. Moore*, 326 F. App'x 770, 772 (5th Cir. 2009).

Brookwood merely alleges that in October 2019, the individual Defendants approved a conditional use application to operate a climate-controlled storage facility located close to Brookwood's proposed climate-controlled storage facility. [16] ¶ 23. Brookwood further claims that in February 2020, the individual Defendants approved another conditional use permit for a climate-controlled storage facility. *Id.* ¶ 24. This fails to state a claim upon which relief can be granted. Brookwood has only alleged that unspecified parties were treated differently. It has provided no facts or allegations to suggest that these parties were similarly situated to Brookwood. *See Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 227 (5th Cir.

12

2012). So, Brookwood has failed to allege a violation of equal protection, and the individual Defendants are entitled to qualified immunity for this claim.

iii.   Discretionary Function Immunity

Lastly, Defendants argue that under the Mississippi Tort Claims Act, the individual Defendants are protected by discretionary function immunity because they were acting within the course and scope of their employment. [52] at 20 (citing Miss. Code Ann. § 11-46-9(1)(d)). But Brookwood contends that state law does not immunize the individual Defendants from claims brought under federal law. [55] at 11–12. The Court agrees. Section 1983 creates a federal cause of action for constitutional violations committed under color of state law, and the immunities enjoyed by state officials sued under § 1983 are governed by federal law. *Duncan v. Miss. Bd. of Nursing*, 982 F. Supp. 425, 435 (S.D. Miss. 1997). Because Brookwood brings claims under § 1983 for constitutional violations, any claims of immunity are governed by federal law. *See Cantu v. Rocha*, 77 F.3d 795, 805 (5th Cir. 1996) ("it is federal immunity law which shields state officials from personal liability under federal law for civil damages."). Thus, the individual Defendants cannot rely on discretionary function immunity under state law as a defense against liability.

c.   Leave to Amend

Brookwood requests leave to amend if the Court finds the Complaint is deficient. [55] at 28–29. "[A] court generally should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend, unless the defect is simply incurable or the plaintiff has failed to plead with

13

particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (citations omitted). In deciding whether to grant leave to amend, the Court may consider many factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 5998 (5th Cir. 1981). The Court finds that no such reasons are present here and grants Brookwood leave to amend.

IV.    Conclusion

The Court will provide Brookwood an opportunity to amend its Complaint and plead its best case. If it does not, the Court will dismiss all claims that do not state a claim upon which relief should be granted.

The Court DENIES Defendants' Motion to Dismiss [51] without prejudice.

IT IS FURTHER ORDERED that the Court will allow Brookwood to amend its Complaint to cure deficiencies identified by the Court within 14 days from today.

SO ORDERED AND ADJUDGED this the 31st day of May, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE