UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BROOKWOOD DEVELOPMENT, LLC                                                PLAINTIFF

V.                                        CIVIL ACTION NO. 3:21-CV-219-KHJ-MTP

CITY OF RIDGELAND, MISSISSIPPI, et al.                                  DEFENDANTS

ORDER

Before the Court is Defendants' City of Ridgeland, Mississippi; Mayor Gene F. McGee; D.I. Smith; Ken Heard; Chuck Gautier; Kevin Holder; Brian Ramsey; William Lee; and Wesley Hamlin's [64] Second Motion to Dismiss. For the following reasons, the Court grants the motion in part and denies it in part.

I.     Background

This case arises from denial of a conditional-use permit. Plaintiff Brookwood Development, LLC, ("Brookwood") intended to build a climate-controlled storage facility in Ridgeland, Mississippi. Second Am. Compl. [58] ¶¶ 28-32. Pursuant to the City's Zoning Ordinance, Brookwood contracted to purchase property for the facility and applied for a conditional-use permit with the City to build it.[1] *Id.* The City responded with concerns about certain building materials Brookwood intended to use. *Id.* ¶ 34.

---

[1] Zoning Ordinance Section 600.09 required Brookwood to obtain a conditional use permit. [58] ¶ 36. Section 440.04.J allows climate-controlled storage facilities as a conditional use for areas zoned "C-4." *Id.* ¶ 24. Brookwood's proposed location for the storage facility lies in that zone. *Id.* ¶ 33.

When Brookwood requested specific details to address the concerns, the City advised Brookwood to look at Storage Park Properties, LLC's climate-controlled storage facility. *Id.* The City previously granted Storage Park a permit to build that facility near the property Brookwood contracted to purchase. *Id.* Brookwood revised its building plans "numerous times" to comply with the City's zoning ordinances. *Id.* ¶ 35.

The City Zoning Board voted to both approve the application and recommend the Mayor and Board of Alderman approve the permit. *Id.* ¶¶ 43-45. City officials told Brookwood to contact the Mayor about the facility, who allegedly said he would support the project. *Id.* ¶ 46. Brookwood also received approval from the City's Architectural Review Board ("ARB"). *Id.* ¶ 48. The Mayor and Board of Alderman were then set to discuss the application at a meeting on February 16, 2021. *Id.* ¶ 49. The City canceled that meeting due to a winter storm, and Brookwood alleges the City did not inform it of when the rescheduled meeting would occur. *Id.*

On February 23, 2021, the City held a special-session meeting with the Mayor and Board of Alderman. *Id.* ¶ 50. Brookwood's conditional-use application was the second item on the agenda. *Id.* But the first item was to vote on a temporary moratorium suspending conditional-use applications for climate-controlled storage facilities for six months. *Id.* The City adopted the moratorium and moved to table Brookwood's application until after the moratorium expired or the Mayor or Board of Alderman terminated it. *Id.* ¶¶ 55-56.

Brookwood filed this action, asserting procedural-due-process, substantive-due-process, and equal-protection claims under 42 U.S.C. § 1983. First Amend. Compl. [16] at 14-23. Less than a week later, the Mayor approved a Notice of Public Hearing to amend Section 600.14 of the Zoning Ordinance. [58] ¶ 65. The amendment proposed a 2,000 linear foot "buffer zone" and a stricter "reuse" standard on climate-controlled storage facilities in the relevant commercial zone. *Id.* ¶ 66. The City adopted the amendment over Brookwood's objection, terminated the moratorium, and denied Brookwood's application. *Id.* ¶ 68. Brookwood amended its Complaint to add allegations related to the amendment. [16].

Defendants later moved to dismiss Brookwood's claims on several grounds. First Mot. Dismiss [51]. The Court denied the motion without prejudice and allowed Brookwood 14 days to amend its Complaint again and cure its deficiencies. Order [57]. Brookwood timely amended its Complaint. [58]. Defendants now move to dismiss all claims against them in their individual capacities.[2] [64].

II. Standard

When a defendant moves to dismiss after answering the complaint, the Court treats the motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Smith v. Myers*, 734 F. App'x 273, 275 (5th Cir. 2018) (per curiam) (citation omitted). But Rule 12(c)'s standard is the same as Rule 12(b)(6).

---

[2] Defendants' memorandum says the Court should dismiss Brookwood's claims against the individual defendants "in both their official and individual capacities." Defendants do not otherwise request dismissal in their official capacities, and all arguments in Defendants' motion relate only to Brookwood's claims against them in their individual capacities.

3

*Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). Both standards ask "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quotation omitted).

A valid claim for relief requires "sufficient [facts], accepted as true" that give the claim "facial plausibility" and allow the Court "to draw the reasonable inference that the defendant is liable for the [alleged misconduct]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although the plausibility standard does not impose a "probability requirement," it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "recitals of a cause of action's elements" and "conclusory statements" supporting them do not satisfy the plausibility standard. *Id.* (citing *Twombly*, 550 U.S. at 555). But courts should allow a well-pleaded complaint to survive a motion to dismiss even if "recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citation omitted).

III.   Analysis

Defendants move to dismiss Brookwood's claims against them in their individual capacities based on qualified immunity.[3] Mem. Supp. Mot. Dismiss [65] ¶ 6. Brookwood responds that a motion to dismiss is a "poor vehicle for resolving claims of qualified immunity," and Defendants cannot show their entitlement to the defense solely on Brookwood's alleged facts. Pl.'s Resp. [67] at 12-13.

---

[3] Defendants also argue the "final decision-maker" doctrine shields them from liability. [65] at 5-6. The Fifth Circuit no longer recognizes that defense. *Williams v. Canton Pub. Sch. Dist.*, No. 3:19-CV-927, 2020 WL 2477671, at *2 (S.D. Miss. May 13, 2020) (citing *Sims v. City of Madisonville*, 894 F.3d 632, 640 (5th Cir. 2018) (per curiam)).

As to Brookwood's first argument, qualified immunity "is not simply immunity from monetary liability, but also immunity from having to stand trial." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citation omitted). Accordingly, a defendant has "an interest in qualified immunity entering a lawsuit at the earliest possible stage of litigation." *Id.* (citation omitted). And "[w]hen defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion." *Carswell v. Camp*, 37 F.4th 1062, 1067 (5th Cir. 2022). The Court therefore rejects that argument and addresses the merits.

Qualified immunity shields government officials from civil damages "when their actions could reasonably have been believed to be legal." *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021). The defense "protects all but the plainly incompetent or those who knowingly violate the law." *Cunningham v. Castloo*, 983 F.3d 185, 190 (5th Cir. 2020) (citing *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam)). To overcome that defense, a plaintiff must show (1) the officials violated a statutory or constitutional right, and (2) the right was "clearly established" at the time of the challenged conduct. *Kelson*, 1 F.4th at 416 (citations omitted). In other words, existing precedent must clearly place the constitutional question "beyond debate." *Wrecker Works, L.L.C. v. City of Aberdeen*, 751 F. App'x 413, 420 (5th Cir. 2018) (per curiam) (quoting *White v. Pauly*, 137 S. Ct. 548, 511 (2017) (per curiam)).

When a defendant asserts qualified immunity in a motion to dismiss, courts must "carefully scrutinize [the complaint] before subjecting public officials to the burdens of broad-reaching discovery." *Kelson*, 1 F.4th at 416 (alteration in original).

5

That does not heighten the pleading standard, but the complaint must allow the court to *both* draw the reasonable inference that the defendants are liable for the alleged misconduct *and* defeat a qualified immunity defense. *See id.*; *Arnold*, 979 F.3d at 267.

Defendants argue Brookwood fails to sufficiently allege due-process or equal-protection violations and that their conduct was objectively reasonable. [65] at 6. Brookwood responds that it adequately pleads due-process and equal-protection claims against the individual defendants. [67] at 16-31. The Court addresses each alleged violation in turn.

    A.   Substantive Due Process

Brookwood alleges Defendants violated its substantive-due-process rights by denying its application through (1) imposing the moratorium and (2) reverse spot zoning. [58] at 17-19. Brookwood first argues it adequately pleads a protected property interest under both the Zoning Ordinance and Mississippi law, and the moratorium infringes on its right to lawfully use and enjoy that property. *Id.* at 17. It also argues the City's denial of its application was pretext to the City's reverse spot zoning. *Id.* ¶ 95. Defendants' arguments do not relate specifically to either claim; they only argue Brookwood's substantive-due-process claims fail because it lacks a protected property interest in the approval of its application. [65] ¶¶ 20, 27.

The Fourteenth Amendment's substantive-due-process component prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a substantive-due-process claim, a

6

plaintiff must (1) allege the defendant violated its constitutionally protected right and (2) demonstrate the alleged violation does not rationally relate to a legitimate governmental interest. *Cripps v. La. Dep't of Agric. & Forestry*, 819 F.3d 221, 232 (5th Cir. 2016).

  1. Property Interest

Brookwood argues it has a constitutionally protected property interest in the approval of its application under two sources: Mississippi contract law and the City's Zoning Ordinance. [58] ¶ 81.

A property interest in a benefit arises from a "legitimate claim of entitlement" to the benefit rather than a subjective expectation of it. *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972)). Property interests arise from "state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings" rather than the Constitution itself. *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 290 (5th Cir. 2015). But even when state law creates an interest, federal constitutional law determines whether due-process protections apply to it. *Hudson v. Jones Cnty.*, No. 2:10-CV-147, 2011 WL 4625428, at *5 (S.D. Miss. Oct. 3, 2011) (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978)).

For example, a contract right constitutes an enforceable property interest under Mississippi law, but "federal constitutional law determines whether [the contract right] rises to the level of a constitutionally protected interest." *Nelson v. City of Horn Lake ex rel. Bd. of Alderman*, 968 So. 2d 938, 944 (Miss. 2007)

7

(quotation omitted). The same "legitimate claim of entitlement" standard governs even if a party has a property interest under state law. *Id.* (citing *Roth*, 408 U.S. at 577).

### i. Contract

Brookwood argues the land-sale contract it entered gives it a legitimate claim of entitlement to approval of its application under *City of Madison v. Bryan*, 763 So. 2d 162 (Miss. 2000). [58] ¶ 29. Defendants argue a land-sale contract does not create a protected property interest under *Bryan v. City of Madison*, 213 F.3d 267 (5th Cir. 2000).[4] Neither of those cases settle the issue.

Both cases involve the same facts and parties: a developer claiming an interest in land through his contract to buy it and asserting different claims based on that interest. *City of Madison*, 763 So. 2d at 162-65 (deciding bill-of-exceptions appeal based on City's denial of developer's building permit); *Bryan*, 213 F.3d at 275 (deciding due-process claims based on same facts). In *City of Madison v. Bryan*, the Mississippi Supreme Court held the developer lacked standing to challenge a zoning decision affecting his property because his option contract expired. 763 So. 2d at 165-166 (noting court assumed, without deciding, that optionees have standing to raise similar challenges). The court noted that other states have held an option holder has a sufficient property interest to request a zoning change, but it did not address that question under Mississippi law. *Id.* at 165, n.1. And because the

---

[4] Defendants raise a separate standing argument on this issue for the first time in their Reply. [68] at 10-11. But a defendant generally waives an argument it raises for the first time in a reply brief. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). The Court disregards that argument.

developer did not assert a due-process claim in that case, the court also did not address whether due-process protections applied to his interest as an option holder.

Less than a month later, in *Bryan v. City of Madison*, the Fifth Circuit held that the developer's claim established only the "extremely limited" right to reclaim his down payment if the seller did not furnish good title. 213 F.3d at 275-76. (distinguishing interest in land under state law from protected property interest under federal due process).[5] The contract did not give him the right to enter the land, exclude others from it, or build anything on it. *Id.* at 276. And with no due-process rights for defendants to deny, the Fifth Circuit rejected those claims. *Id.*

The parties cite no other authority that specifically decides whether a land-sale contract establishes a "legitimate claim of entitlement" for due-process purposes. And Brookwood does not otherwise explain how due-process protections apply to any rights it has under the contract.

ii.  Zoning Ordinance

In the zoning context, a plaintiff does not have a legitimate claim of entitlement to an applied-for benefit if government officials have discretion to grant or deny the benefit. *Da Vinci Inv., Ltd. P'ship v. City of Arlington*, 747 F. App'x 223, 226 (5th Cir. 2018) (per curiam) (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)). But if "mandatory language" specifically requires officials to reach a particular result upon finding an applicant meets the substantive requirements, the plaintiff possesses a legitimate claim of entitlement. *Id.*

---

[5] Brookwood acknowledges, and the Court notes, the Fifth Circuit did not consider the Mississippi Supreme Court's decision in its analysis. [67] at 21 n.2.

Brookwood alleges the following language in the Zoning Ordinance is mandatory: ". . . if the Mayor and Board of Alderman find that an applicant *meets the requisite standards specified in the Ordinance*, the Conditional Use Permit *must be allowed*." [58] ¶ 39 (emphasis added). Defendants argue the "if" at the beginning of that language gives the Mayor and Board of Alderman full discretion to determine whether an applicant satisfies the Ordinance's requirements. [65] ¶ 23.

Defendants attempt to dodge the mandatory-language rule by arguing the "finding" stage inherently gives them discretion. That would defeat the rule's purpose. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 464 n.4 (1989). The Zoning Ordinance explicitly requires the Mayor and Board Alderman to grant the permit upon finding an applicant meets the Ordinance's substantive requirements. Brookwood's Complaint, taken as true, sufficiently alleges a protected property interest under the Zoning Ordinance.

      2. Rational Basis

Brookwood must also sufficiently plead that Defendants' acts lack a rational basis. *See Residents Against Flooding v. Reinvestment Zone No. Seventeen*, 734 F. App'x 916, 919-20 (5th Cir. 2018) (per curiam) (discussing rational basis in substantive-due-process context at 12(b)(6) stage). It alleges the moratorium and delayed decision on its application did not rationally relate to any legitimate government interest, but instead were "targeted effort[s] to deprive [Brookwood] of its legal entitlement." [58] ¶ 83.

10

[G]overnmental actions involving social and economic regulation that do not interfere with the exercise of fundamental rights . . . are presum[ptively] constitutionally valid." *Yur-Mar, L.L.C. v. Jefferson Par. Council*, 451 F. App'x 397, 401 (5th Cir. 2011) (per curiam). If the constitutional challenge to the government action does not implicate such right, the action need only "rationally relate[] to a legitimate [government] interest." *Id.* (citations omitted).

The parties do not dispute that rational-basis review applies to the zoning decisions. But Defendants make no argument as to rational basis related to Brookwood's substantive-due-process claims. And even if they did, they fail to explain how Brookwood cannot survive the clearly-established prong of qualified immunity. They only argue Brookwood lacks a protected property interest in approval of its conditional-use application. [65] ¶ 20. Having decided that issue and viewing the Complaint's allegations in the light most favorable to Brookwood, it has sufficiently alleged a substantive-due-process claim. It is too early, at least at this point, to grant qualified immunity to the individual Defendants on those claims. The Court accordingly denies the motion to the extent it seeks dismissal of Brookwood's substantive-due-process claims.

B.  Procedural Due Process

Brookwood similarly alleges Defendants' actions violated its procedural-due-process rights. [58] at 22-25. First, it alleges Defendants improperly imposed the moratorium without notice to effectively deny its application and later voted to deny the application without lifting the moratorium. *Id.* ¶¶ 114, 117. Second, Brookwood

11

alleges Defendants enacted the amendments in violation of the Zoning Ordinance and Mississippi law and improperly applied the amendments retroactively to Brookwood's application. *Id.* ¶¶ 123-124. Third, Brookwood alleges Defendants approved the resolution denying its application without proper notice. *Id.* ¶¶ 130, 133.[6]

The Due Process Clause's procedural component is "flexible," and its requirements depend on what "the particular situation demands." *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (per curiam) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). But "[t]he 'essential requirements' are 'notice and an opportunity to respond' to the government's position." *SEC v. Hallam*, 42 F.4th 316, 321-22 (5th Cir. 2022) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). The Court considers (1) whether the plaintiff has a liberty or property interest entitled to procedural-due-process protections and (2) if so, what due process requires. *Reynolds v. City of Poteet*, No. SA:12-CV-1112, 2013 WL 594731, at *15 (W.D. Tex. Feb. 15, 2013) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976)).

In the zoning context, the first step turns on whether a zoning decision is legislative or adjudicative. *See G & H Dev., L.L.C. v. Benton-Parish Metro. Plan.*

---

[6] Brookwood notes "Individual Defendants do not appear to seek dismissal of Brookwood's procedural due process claims." [67] at 31. Although Defendants do not argue any points specific to procedural due process, they specifically address both substantive and procedural-due-process claims in their arguments and assert qualified immunity as to all due-process claims. [65] ¶¶ 2, 39. Because Defendants specifically ask for dismissal of Brookwood's procedural-due-process claims against them in their individual capacities, the Court considers whether Brookwood has sufficiently pled them.

12

*Comm'n*, 641 F. App'x 354, 357 (5th Cir. 2016) (per curiam) (citing *Jackson Ct. Condos., Inc. v. City of New Orleans*, 874 F.2d 1070, 1074 (5th Cir. 1989); *Cnty. Line Joint Venture v. City of Grand Prairie*, 839 F.2d 1142, 1144 (5th Cir. 1988)). If an action is legislative or quasi-legislative, procedural-due-process protections do not apply. *Id.* If adjudicative, procedural-due-process rights attach. *Id.* (citing *Shelton v. City of Coll. Station*, 780 F.2d 475, 482 (5th Cir. 1986)). To the extent Defendants' alleged conduct falls into the legislative or quasi-legislative category, Brookwood's claims against the individual Defendants end there.

The Court has already determined the moratorium and amendments are legislative, but the denial of its application is presumptively adjudicative. *See Brookwood Dev., LLC v. City of Ridgeland*, No. 3:21-CV-219, 2022 WL 1752273, at *5 (S.D. Miss. May 31, 2022). Brookwood does not sufficiently allege new facts to change that decision. The Court accordingly grants the motion to the extent it seeks dismissal those procedural-due-process claims arising out of the moratorium and amendments.

As to the presumed adjudicative denial of Brookwood's conditional-use application, the second step involves weighing three factors to determine what procedural due process requires: (1) the importance of the individual right involved; (2) the value of the specific procedural safeguard involved; and (3) the Government's interest in fiscal and administrative efficiency. *Serrano*, 975 F.3d at 496-97 (citing *Mathews*, 424 U.S. at 335); *see also Papin v. Univ. of Miss. Med. Ctr.*, 347 F. Supp. 3d 274, 279 (S.D. Miss. 2018) (citation omitted).

13

Neither party cites authority applying those factors or explains how they apply to Brookwood's claims. Without that explanation from either side, it is too early to allow dismissal for failure to state a claim. Viewed in the light most favorable to Brookwood, its allegation that "[t]he City violated Brookwood's procedural due process rights by approving the Resolution to deny its Conditional Use Application without notice to Brookwood," [58] ¶ 130, may allow recovery with more evidence.

The Court grants the motion as to Counts IV and V asserting procedural-due-process claims based on the moratorium and amendments. But it denies the motion as to Count VI asserting a procedural-due-process claim based on Defendants' delay and denial of its conditional-use application.

C. Equal Protection

Finally, Brookwood alleges Defendants violated its equal-protection right by reverse spot zoning and treating its application less favorably than similarly situated "facilities, property owners, and facility sites." [58] ¶¶ 101-102, 105. It relies on the City's approval of Storage Park's climate-controlled storage facility despite Storage Park's application having certain deficiencies—the same deficiencies Brookwood had. *See* [58] at 21-22; [67] at 28-29. Defendants argue Brookwood fails to allege it was similarly situated to other parties, and even if it did, it fails to allege any difference in treatment lacked a rational basis. [65] at 13-15.

The Fourteenth Amendment's Equal Protection Clause prohibits states from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal-protection claims generally fall into two categories: those addressing a protected class and those addressing a "class of one." *Williams v. City of Jackson*, No. 3:21-CV-785, 2022 WL 4715706, at *9 (S.D. Miss. Sept. 30, 2022) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). Class-of-one claims require the plaintiff to show (1) the defendants intentionally treated it differently from others similarly situated and (2) no rational basis for the treatment exists. *Id.* (citing *Vill. of Willowbrook*, 528 U.S. at 564). The Fifth Circuit extends "class of one" claims to the zoning-decision context. *See Nance v. New Orleans & Baton Rouge Steamship Pilots' Ass'n*, 174 F. App'x 849, 854 (5th Cir. 2006) (per curiam).

1. Similarly Situated

Brookwood alleges its proposed climate-controlled storage facility is similarly situated to Storage Park's facility because they are near each other, and the City expressly acknowledged they are similarly situated by telling Brookwood to review and rely on Storage Park's facility to obtain the City's approval. [58] ¶¶ 102-103. Defendants argue the facilities are not similarly situated because Storage Park lies in a district that imposes different standards. [65] ¶ 30.

Brookwood relies on *Da Vinci Inv., Ltd. P'ship v. Parker* to support its argument that it sufficiently alleges Defendants treated it differently than similarly situated Storage Park. [67] at 29. In that case, the Fifth Circuit held a developer

15

sufficiently alleged city council members treated the developer's car-wash facility differently than a similar car-wash facility that received the council's approval less than two years before the developer's application. *Da Vinci Inv., Ltd. P'ship v. Parker*, 622 F. App'x 367, 376 (5th Cir. 2015) (per curiam) (affirming denial of motion for judgment on pleadings based on qualified-immunity assertion against equal-protection claim). This case is different because the council members in *Parker* did not rebut the plaintiff's allegations, but Defendants here do.

That difference should not change the outcome, however. Brookwood's claim is nearly identical to the one in *Parker*: Storage Park's facility is similar to Brookwood's proposed facility, and the council approved Storage Park's facility less than two years before denying Brookwood's. Taking Brookwood's allegations as true, it has plausibly alleged different treatment from a similarly situated developer's storage facility.

### 2. Rational Basis

Defendants next argue that even if Brookwood's facility is similarly situated to Storage Park's, Brookwood fails to allege Defendants lacked a rational basis for the treatment. [65] ¶ 31. Brookwood argues Defendants treated its application differently than Storage Park's without a rational basis, going "out of their way to permit Storage Park's facility," but denying Brookwood's for arbitrary reasons despite the facilities' similarities. [67] at 28-29; [58] ¶¶ 101-106.

Brookwood again relies on *Parker* to support its argument that it sufficiently alleges lack of a rational basis. [67] at 29. In *Parker*, the developer adequately

16

alleged the council members treated it "differently than other similarly situated landowners without a rational basis." *Parker*, 622 F. App'x at 376. But as with the similarly situated prong, the council members did not rebut the plaintiff's argument. Defendants here do, but they improperly rely on matters outside the Complaint. *See George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (discussing limits to considering matters outside complaint on motion to dismiss). Without those arguments, Defendants are no different than the council members in *Parker*—lacking an argument against Brookwood's allegation that they lacked a rational basis for their actions.

Nor can Defendants rely on the argument that their "conduct was reasonable" under the clearly established prong. *See* [65] ¶¶ 35-37. The only authority they rely on is a Mississippi Supreme Court case involving facts and legal issues that do not apply to this case or relate to a Rule 12(c) or 12(b)(6) motion. *See id.* (citing *Bankston v. Pass Rd. Tire Ctr., Inc.*, 611 So. 2d 998 (Miss. 1992) (discussing § 1983 in the police-officer context and affirming directed verdict)).

Viewing the Complaint's allegations in the light most favorable to Brookwood, it has plausibly alleged an equal-protection violation.

IV.   Conclusion

The Court has considered all arguments. Those it does not address would not have changed the outcome. For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' City of Ridgeland, Mississippi; Mayor Gene F. McGee; D.I. Smith; Ken Heard; Chuck Gautier; Kevin Holder; Brian Ramsey;

William Lee; and Wesley Hamlin's [64] Second Motion to Dismiss. The following claims are DISMISSED as to Defendants in their individual capacities only, but shall proceed against Defendants in their official capacities:

- Count IV: Violation of Procedural Due Process under the United States Constitution – the Moratorium on Climate Controlled Storage Facilities

- Count V: Violation of Procedural Due Process under the United States Constitution – Amendments to Section 600.14 of the Zoning Ordinance

The following claims shall proceed against Defendants in both their individual and official capacities:

- Count I: Violation of Substantive Due Process under the United States Constitution – Moratorium on Climate Controlled Storage Facilities

- Count II: Violation of Substantive Due Process under the United States Constitution – Reverse Spot Zoning

- Count III: Violation of Equal Protection under the United States Constitution

- Count VI: Violation of Procedural Due Process under the United States Constitution – Delay and Denial of Brookwood's Conditional Use Application

Per Judge Michael T. Parker's Order [69], the parties must promptly notify him of this decision and submit a proposed order lifting the stay within seven days of this ruling.

SO ORDERED, this the 9th day of January, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
